864 F.2d 148
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Velma GREENWOOD, Petitioner,
v.
VETERANS ADMINISTRATION MEDICAL CENTER, Respondent.
 No. 88-3161.
 United States Court of Appeals, Federal Circuit.
 Nov. 9, 1988.
 
 Before RICH, PAULINE NEWMAN and MAYER, Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 Velma Greenwood petitions for review of a decision and award of an arbitrator denying her grievance and sustaining the Veterans Administration Medical Center's (agency) removal of petitioner from her position as a food service worker. We affirm.
 
 OPINION
 
 2
 Petitioner first argues that the agency offered "absolutely no evidence" to show that the component or sub-element of the critical element as to which she performed unacceptably was so dominant that it justified an unsatisfactory rating on the critical element as a whole. This argument is not persuasive. In Adkins v. Department of Housing and Urban Development, 781 F.2d 891 (Fed.Cir.1986), this court concluded that an agency action based upon one component of a critical element is sustainable if there was proof that the employee knew or should have known the significance of the sub-element and that the deficiencies were significant enough to justify the action. Id. at 895, adopting Shuman v. Department of the Treasury, 23 M.S.P.R. 620 (1984). The evidence of record is more than ample to show that petitioner knew or should have known the significance of "[c]omplet[ing] assigned duties every day" in relation to "Customer Service", a critical element to her position as a food service worker. There was also ample evidence to show that petitioner's failure to complete her assigned duties was significant enough to warrant her removal.
 
 
 3
 Petitioner's second argument is that her "deviations" related to the cleanliness of food service equipment and that these, in turn, related not to the critical, customer service element of her position, but rather to the kitchen and food service element, which was non-critical. This argument, like her first, is not persuasive. Again, the evidence of record is more than adequate to show that cleaning various surfaces and pieces of food service equipment was one of her "assigned duties every day", one of the three sub-elements of the critical "Customer Service" element.
 
 
 4
 Petitioner also asserts that the arbitrator was confused as to the meaning of the substantial evidence standard. This may be true. But it is apparent from the arbitrator's opinion that, if anything, he held the agency to a standard of proof higher than substantial evidence. Thus, we take petitioner's concession that this error "may be harmless" one step further and state with assurance that any error was harmless.
 
 
 5
 Petitioner's other arguments have no merit.
 
 
 6
 We affirm the decision and award of the arbitrator because they are not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, or obtained without procedures required by law, rule, or regulation having been followed, or unsupported by substantial evidence. 5 USC Sec. 7703(c) (1982).